**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randy Jarrod Crosby, Appellant.

Appellate Case No. 2011-205207

---

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-324
Heard April 8, 2014 – Filed August 20, 2014

---

**AFFIRMED**

---

Dayne C. Phillips, of Lexington, and Appellate Defender
Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, for Respondent.

---

**PER CURIAM:**  Randy Jarrod Crosby appeals his conviction for possession with
intent to distribute crack cocaine.  Crosby argues the trial court erred in: (1)
refusing to suppress the evidence seized during the search of the vehicle when law

enforcement did not have reasonable suspicion to justify the traffic stop; (2) refusing to suppress the evidence seized during the search of the vehicle because law enforcement did not have probable cause to believe the vehicle contained evidence of criminal activity and no exigent circumstances existed to justify the warrantless search; and (3) finding a sufficient chain of custody existed to admit the evidence seized during the search of the vehicle and the drug evidence found in the police car. We affirm pursuant to Rule 220(b), SCACR, and *State v. Pope*, Op. No. 5261 (S.C. Ct. App. filed August 20, 2014) (holding in the appeal of Crosby's co-defendant, the trial court did not err in: (1) denying his motion to suppress the evidence seized during the search of the vehicle because law enforcement had reasonable suspicion to justify the traffic stop; (2) denying his motion to suppress the evidence seized during the search of the vehicle because law enforcement had probable cause to believe the vehicle contained evidence of criminal activity; and (3) admitting the scales found in search of the vehicle and the drugs found in the police car because the scales were a non-fungible item and the officer identified it as the set he found in the vehicle, and a complete chain of custody was established for the drugs, which were a fungible item).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**